IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

STEVEN RIGGS II,

      Petitioner,

v.                       Case No. 5:06-cv-00687

CHARLES T. FELTS, Warden,
FCI Beckley,

      Respondent.

PROPOSED FINDINGS AND RECOMMENDATION

On September 5, 2006, Petitioner, an inmate at FCI Beckley, Beaver, West Virginia, and acting pro se, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition)(docket sheet document # 1).  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 30-month term of imprisonment for a violation of his conditions of supervised release.  He has been designated by the Federal Bureau of Prisons to serve his sentence at the Federal Correctional Institution (FCI) in Beckley, West Virginia.  Petitioner's projected satisfaction

date, including consideration of good conduct credit, is October 12, 2007. (See # 8, Ex. 1, Decl. of Deborah Buchanan, ¶ 5).

Petitioner has filed this petition for a writ of habeas corpus asserting that he is entitled to prior custody credit on his current sentence for the time period between October 28, 1998 and August 25, 1999. (# 1 at 7). A brief explanation of the procedural history of Petitioner's criminal cases will be helpful.[1]

On October 28, 1998, Petitioner was arrested by the Wise County, Virginia Sheriff's Office. (# 8, Ex. 1, ¶ 6A). On February 17, 1999, the United States Marshals Service borrowed Petitioner from state custody via a federal writ. (Id., ¶ 6B). On August 26, 1999, Petitioner was sentenced in the United States District Court for the Western District of Virginia to a 57-month term of imprisonment for a violation of 18 U.S.C. §§ 922(g) and 924(a)(2), being a felon in possession of a firearm. (United States v. Riggs, Case No. 2:99-cr-10004). Petitioner was sentenced to a concurrent term of 57 months in prison on a second violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (United States v. Riggs, Case No. 2:99-cr-10009). Petitioner was also sentenced to serve a three-year term of supervised release.

Petitioner was returned to state custody on September 14, 1999. (Id., ¶ 6D). On December 17, 1999, Petitioner was sentenced

---

[1] This information is taken from Respondent's Response to the undersigned's Order to Show Cause (# 8).

by the State of Virginia to serve a 10-year sentence, with five years suspended.   Credit was granted by the state beginning on October 28, 1998, the date of Petitioner's arrest by state authorities.  (Id., ¶ 6E).  Petitioner served his state sentence until he was released by the state in April 2003.  Petitioner was then taken into federal custody.  (Id., ¶ 6F).

Petitioner's state sentence was ordered to run concurrently to his federal sentences.   In order to give effect to the state's order, the Bureau of Prisons made a nunc pro tunc designation and deemed Petitioner's federal sentence to have commenced on August 26, 1999, the date the federal sentences were imposed.  (Id., ¶ 6G).

On that basis, Petitioner was granted 110 days of prior custody credit toward his 57-month federal sentences.  (Id., ¶ 6H).  On June 27, 2003, Petitioner was released to his term of supervised release.  (Id., ¶ 6I).  However, on November 5, 2003, Petitioner's supervised release was revoked, and Petitioner was sentenced to serve a 9-month term of imprisonment in Case No. 2:99-cr-10004, followed by a consecutive 9-month term of imprisonment in Case No. 2:99-cr-10009, for a total of 18 months of imprisonment.   A 27-month term of supervised release was also imposed.  (Id., ¶ 6J, and Attachment 2, Judgment and Commitment Order dated November 6, 2003).

3

Petitioner was incarcerated until February 18, 2005, when he was released to a halfway house. (Id., ¶ 6K).  On April 1, 2005, Petitioner began serving his 27-month term of supervised release. (Id., ¶ 6L).  However, Petitioner's supervised release was again revoked on July 15, 2005. (Id.)  Petitioner was then sentenced to a term of 15 months of imprisonment in Case No. 2:99-cr-10004, and a consecutive term of 15 months of imprisonment in Case No. 2:99-cr-10009. (Id., ¶ 6L and Attachment 3, Judgment and Commitment dated July 19, 2005).  Petitioner is presently serving that 30-month sentence, and his projected release date is October 12, 2007. (Id., ¶ 6M).

## ANALYSIS

Petitioner is currently in custody on his second supervised release revocation.  It is unclear why Petitioner did not address the issue of prior custody credit before the expiration of his initial term of imprisonment.  However, in United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996), the Fourth Circuit stated that "[t]he sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence."  Furthermore, the undersigned has located no authority indicating that prior custody credit may not be awarded against a term of imprisonment resulting from the revocation of a term of supervised release.  Accordingly, the undersigned will address the calculation of Petitioner's prior custody credit and determine whether he is

4

entitled to any credit against his current sentence.

Petitioner requests prior custody credit for the time period beginning on October 28, 1998, the date he was arrested by state authorities, and ending on August 25, 1999, the day before his federal sentences were imposed.  Petitioner's petition states, in pertinent part:

> At the time of the original sentencing in federal court on August 25, 1999 the time period in question had not been credited toward any sentence.  The state sentencing came after the federal sentencing when the state sentence was run concurrent with the federal sentence.  The federal sentence was later made concurrent with the state sentence by amendment to the sentencing order.  Credit toward both sentences for the same period does not constitute double credit as the B.O.P. contends. This would negate the very nature of the concurrency orders entered by both courts.  The incarceration came after the earliest date of offense.  In denying Mr. Riggs credit from the date of arrest on October 28, 1998 through the day prior to sentencing August 25, 1999 the Bureau of Prison[s] is improperly denying Mr. Riggs this credit.

> Even though Mr. Riggs served his original sentence he is still entitled to have this credit awarded toward his current revocation sentence, which is the statutory maximum.

(# 1 at 8-9).

The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

(Emphasis added).   However, under certain circumstances, the Attorney General or the Bureau of Prisons, may designate that a federal sentence commence while the prisoner is in state custody. See United States v. Evans, 159 F.3d 908, 911-912 (4th Cir. 1998)(a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence.")

Prior custody credit is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

As noted by Respondent, the United States Supreme Court has held that "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).  In his Traverse, Petitioner argues that Wilson is not a case concerning the denial of jail credit, but is merely a case stating that the power to compute a defendant's credit is granted solely to the Attorney General, through the Bureau of Prisons, and not to the District Court.  (# 9 at 2).

6

The <u>Wilson</u> decision, however, states that credit shall only be given for "'official detention prior to the date the sentence commences' if such time 'has not been credited against another sentence.'" 504 U.S. at 329. It further states that section 3585(b) "indicates that the computation must occur after the defendant begins his sentence." <u>Id.</u>

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, under section 3585(b), prior custody credit cannot be awarded if the prisoner received credit toward another sentence for that time. <u>United States v. Brown</u>, 977 F.2d 574 (4th Cir. 1992)(unpublished)(stating that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence").[2] Petitioner's ten-year, five years suspended, state sentence was ordered to run concurrently with his 57-month federal sentences. However, Defendant's state sentence was run from October 28, 1998, the date of his arrest by state authorities. Thus, the undersigned proposes that the presiding District Judge **FIND** that the time period between October 28, 1998 and August 25, 1999, which was prior to Petitioner's federal sentencing, was credited toward Petitioner's

---

[2] Petitioner filed a Supplement to his Traverse in which he challenged the use of this and another unpublished opinion cited by Respondent. (# 11). The undersigned finds Petitioner's argument to be inapposite.

state sentence and, therefore, that time period cannot be credited to his federal sentence under section 3585(b).

Respondent notes that Petitioner was granted 13 days of prior custody credit for the time period between September 22, 1998 and October 4, 1998, on the basis that Petitioner had been arrested on another weapons offense by state officials on September 22, 1998, and had been detained on that charge until he posted bond on October 4, 1998, and that time period had not been credited toward Petitioner's state sentence. Accordingly, the Bureau of Prisons did grant Petitioner prior custody credit for that time. (# 8, Ex. 1, ¶ 6N).

Respondent further notes that Petitioner received 97 days of credit under the holding in <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993). As an exception to the standard set forth in section 3585(b), the Bureau of Prisons will grant prior custody credit, even when that time has been credited to a prisoner's state sentence, where two conditions are met: (1) a prisoner's state sentence raw full term release date exceeds the federal raw full term release date; and (2) after the state adjusts the state sentence for prior custody credit, the state sentence effective full term release date falls before the federal raw full term release date. Under those circumstances, prior custody credit is granted on the federal sentence in an amount that will adjust the federal raw full term release date to equal the state sentence

8

effective full term date.  As noted by Respondent, without this credit, the prisoner would receive no benefit from prior custody credit.  (# 8 at 6).

According to Respondent's Response, taking the date Petitioner's state sentence was imposed, which was December 17, 1999, and adding the length of the sentence, which was five years, Petitioner's state sentence raw full term release date was December 16, 2004.  (# 8 at 6 and Ex, 1, Attach. 4).  Petitioner's state sentence effective full term release date was calculated by subtracting the amount of prior custody credit the state had granted Petitioner from the raw full term release date.  Petitioner was awarded 302 days of prior custody credit by the state.  (Id., Ex. 1, Attach. 5).  Thus, Petitioner's effective full term release date was February 18, 2004.  (Id.)

Petitioner's federal raw full term release date was calculated by taking the date the sentence was imposed, which was August 26, 1999, and adding the length of the sentence, which was 57 months. Thus, Petitioner's federal raw full term release date was May 5, 2004.  (# 8 at 7 and Ex. 1, Attach. 6).  Petitioner's federal raw full term release date exceeded his state sentence effective full term release date by 97 days.  Therefore, Petitioner was granted 97 days of Kayfez credit.  (# 8 at 7 and Ex. 1, Decl., ¶ 60 and Attach. 4 and 5).

In his Traverse, Petitioner asserts that he should have been granted additional <u>Kayfez</u> credit for the time period between his federal sentencing on August 26, 1999, and his state sentencing on December 17, 1999.  Petitioner asserts that the BOP did not account for that time period in the calculation of his state raw full term release date.  (# 9 at 2-3).  Specifically, Petitioner states:

> By not applying this period of credit toward the state configuration, it produces a raw state release date that occurs at a later date than it should because it does not allow for the days between federal and state sentencing. If these 113 days were applied to the raw state release date, it would produce a raw federal full term date that would result in more Kayfez credit toward the federal sentence that would total 210 Kayfez credit days instead of 97.
>
> The formula also does not account that the federal sentence is 3 months less than the state sentence.  If these 3 months were added to the raw federal full term release date to account for the difference in the sentences[,] [t]his would result in 92 additional Kayfez credit days and would be equal to the 320 days Petitioner served prior to sentencing in federal court.

(<u>Id.</u>)

Petitioner has misunderstood the purpose of <u>Kayfez</u> credit.  In light of the <u>nunc pro tunc</u> Order of the United States District Court for the Western District of Virginia, entered on September 25, 2000, the period in question has already been credited toward Petitioner's federal sentence, which ran from August 26, 1999.  (# 9, Ex. 1).

The purpose of <u>Kayfez</u> credit, as stated above, is to ensure that the prisoner's federal raw full term release date does not

exceed the state sentence effective full term release date.   The
BOP accounted for that circumstance by granting Petitioner the 97
days of credit.  Granting additional credit for this 113 days would
result in double-counting of time already credited toward
Petitioner's federal sentence.   Accordingly, the undersigned
proposes that the presiding District Judge **FIND** that Petitioner is
entitled to no additional credit on this basis.

Finally, Respondent asserts that Petitioner is entitled to no
credit for the time period between February 17, 1999 and September
14, 1999, when he was borrowed by federal officials pursuant to a
writ of habeas corpus ad prosequendum.  See Thomas v. Whalen, 962
F.2d 358 n.3 (4th Cir. 1992).  (# 8 at 7).  Petitioner was borrowed
from state custody on February 17, 1999, via a federal writ, and
returned to state authorities on September 14, 1999.  During this
time, the state authorities still had primary custody, and that
time period was credited to Petitioner's state sentence.  (Id.)

Because Petitioner was in primary state custody, any time that
he was borrowed by federal officials, pursuant to a writ of habeas
corpus ad prosequendum, normally should not be credited toward his
federal sentence.  However, in light of the nunc pro tunc Order
which ran Petitioner's federal sentence from August 26, 1999,
Petitioner did receive credit toward his federal sentence beginning
on that date, even though he was still in primary state custody, on
loan to the federal authorities, at that time.

11

## RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner is entitled to no prior custody credit against his current federal sentence. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Application under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (# 1) and dismiss this matter from the court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder</u>

12

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and counsel of record.

        February 23, 2007
        Date

Mary E. Stanley
United States Magistrate Judge

13