IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STEVEN RIGGS, II,

        Petitioner,

v.                                           CIVIL ACTION NO.  5:06-cv-00687

FEDERAL BUREAU OF PRISONS,

        Respondent.

**MEMORANDUM OPINION**

By Standing Order entered on August 1, 2006, and filed in this case on September 5, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ["PF&R"].  Magistrate Judge Stanley filed her PF&R on February 23, 2007 [Docket 13].  In that filing, the magistrate judge recommended that this Court deny Petitioner Steven Riggs' Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket 1] and dismiss this case from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  *See also Page v. Lee*, 337 F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to object to magistrate judge's report and recommendation in district court, she waives appellate review

of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected). Here, objections to Magistrate Judge Stanley's PF&R were due by March 12, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Petitioner, by counsel Michael Froble, timely filed objections to the PF&R on March 7, 2007 [Docket 15].

## I. BACKGROUND

In her PF&R, the magistrate judge reviewed the full factual and procedural history of this action. In short, Petitioner challenges the Federal Bureau of Prisons' ("FBOP") calculation of his release date.

Petitioner was arrested by the Wise County, Virginia, Sheriff's Office on October 28, 1998, and taken into Virginia state custody. On August 26, 1999, Petitioner was sentenced to concurrent 57-month terms of imprisonment for violating 18 U.S.C. §§ 922(g) and 924(a), felon in possession of a firearm, by the United States District Court for the Western District of Virginia in case numbers 2:99-cr-10004 and 2:99-cr-10009 (hereinafter the "Federal Sentence"). When the Western District imposed the Federal Sentence, Petitioner was still in Virginia state custody.

On December 17, 1999, Petitioner was sentenced to a ten-year term of imprisonment, with five years suspended, by the Circuit Court of Wise County, Virginia (hereinafter the "State Sentence"). The Circuit Court of Wise County ordered that the State Sentence would run concurrently with the Federal Sentence. On September 25, 2000 (*i.e.*, after the State Sentence was imposed), the Western District ordered, *nunc pro tunc* effective August 26, 1999, that the State Sentence and Federal Sentence would run concurrently. Petitioner served his State Sentence in a Virginia Department of Corrections facility.

After serving his State Sentence, Petitioner was committed to FBOP on April 1, 2003. On July 27, 2003, Petitioner was placed on supervised release. On November 5, 2003, Petitioner was found to have violated the terms of his supervised release and was sentenced to nine months of imprisonment for both federal cases, a total of 18 months. After serving those sentences, Petitioner was returned to supervised release on April 1, 2005. On July 15, 2005, Petitioner was again found to have violated the terms of his supervised release and was sentenced to 15 months of imprisonment for both cases, a total of 30 months. Petitioner is currently serving this 30-month sentence. According to FBOP's calculation, Petitioner's projected release date is October 12, 2007.

Petitioner asserts in this § 2241 action that FBOP has improperly failed to credit him with his time served between his arrest date, October 28, 1998, and his original federal sentencing date, August 26, 1999 (hereinafter the "Arrest Period"). FBOP admits that it did not credit the Arrest Period toward Petitioner's Federal Sentence or his supervised release violation sentences. Virginia, however, credited the Arrest Period toward Petitioner's State Sentence. According to Petitioner's calculation, if the Arrest Period is credited toward his current 30-month supervised release violation sentence, then his release date has passed and he should be released from custody.

In support of his claim, Petitioner contends that his Federal Sentence "included 'time served' and the intent of the District Judge was to give Petitioner credit for the time he had been detained since his arrest on August 24, 1998." (Petitioner Objections at 3.)[1] Although not disclosed by Petitioner, this Court has reviewed the docket in his criminal cases in the Western District. The records in those cases reflect that, immediately prior to bringing the instant § 2241 action, Petitioner

---

[1] Petitioner claims that this ruling can be verified by reviewing the transcript of his original sentencing hearing.

moved his sentencing judge, the Honorable Glen M. Williams, to amend the original sentencing orders in his federal cases to reflect the time-served credit for the Arrest Period. Judge Williams denied Petitioner's motion by Order entered August 24, 2006.[2] By letter dated November 30, 2006, Judge Williams explained that he denied Petitioner's motion because "you have served your 57 month sentence and you are now serving time for violations of your conditions of Supervised Release. This time does not run concurrently with anything and is unrelated to the state case."

In her PF&R, Magistrate Judge Stanley recommends dismissing Petitioner's application because the Arrest Period "was credited toward Petitioner's state sentence and, therefore, that time period cannot be credited toward his federal sentence under section 3585(b)." (PF&R at 7-8.) Petitioner objects to this recommendation.

## *II. LEGAL STANDARD*S

Petitioner filed objections to the PF&R pursuant to Fed. R. Civ. P. 72(b). That rule provides, in relevant part, that:

> [A] party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Accord* 28 U.S.C. § 636. Given this standard, there are no burdens of proof with regard to the objections *per se* because the District Court must review the record *de novo*. Rather, the applicable burdens in this proceeding are those applicable to § 2241 applications.

---

[2] The instant action was filed on September 5, 2006.

Habeas relief under § 2241 is available where a petitioner is able to establish that he is being held in custody, "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner carries the burden of proving he is entitled to habeas corpus relief under 28 U.S.C. § 2241. *Carter v. Lynch*, 429 F.2d 154, 157 (4th Cir. 1970).

### III. OBJECTIONS TO PF&R

In his objections, Petitioner argues that FBOP should credit the Arrest Period against his second supervised release revocation sentence pursuant to (1) the order of Judge Williams and (2) federal statutory and case law.

*A. Sentencing Judge's Order*

Petitioner first argues that this Court should give effect to the order of Judge Williams, supposedly made during the original sentencing, that Petitioner receive time-served credit for the Arrest Period. As noted above, Petitioner previously moved Judge Williams to give effect to his order that he receive time-served credit for the Arrest Period. Judge Williams denied this motion, and Petitioner now seeks identical relief in this Court, *i.e.*, to give effect to Judge Williams' order.

With regard to the issue of what took place at his August 26, 1999 sentencing hearing, Petitioner has not provided this Court with a copy of the sentencing transcript. Therefore, the Court **FINDS** that Petitioner has failed to carry his burden of proof of establishing the intent of the sentencing judge that he receive time-served credit for the Arrest Period.

Additionally, issue preclusion bars subsequent litigation of legal and factual issues common to an earlier action that were "actually and necessarily determined" in the first litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979). For this doctrine to apply to a legal or factual issue, it must be established that: (1) the issue is identical to the one previously litigated; (2) the issue was

actually determined in the prior proceeding; (3) determination of the issue was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue had a full and fair opportunity to litigate the issue in the prior proceeding. *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998). Here, Judge Williams clearly rejected Petitioner argument that he receive time-served credit for the Arrest Period, and this Court will not revisit that decision.

For these reasons, Petitioner's objection is **OVERRULED**.

*B. Time Served Computation*

Petitioner also appears to claim in his objections that FBOP should credit the Arrest Period toward his sentence regardless of whether Judge Williams made such an order. Generally, "[a] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence." *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998) (citing 18 U.S.C. § 3585(a)). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Id.* at 911-912. (citing 18 U.S.C. § 3585(b)). 18 U.S.C. § 3585(b) provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

A district court has no authority to compute time-served credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 333-34 (1992). Rather, the Attorney General, through FBOP, is responsible

for awarding credit for time served, although "prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *Id.* at 335.

In this case, it is undisputed that the Arrest Period was credited against Petitioner's State Sentence. While Petitioner's Federal Sentence ran concurrently with his State Sentence, those sentences were not perfectly symmetrical as the State Sentence began on October 28, 1998 and the Federal Sentence began on August 26, 1999. Because Virginia credited the Arrest Period toward Petitioner's State Sentence, the Arrest Period was "credited against another sentence." 18 U.S.C. § 3585(b). Thus, the plain language of § 3585(b) prevents FBOP from crediting the Arrest Period toward Petitioner's Federal Sentence. *See United States v. Brown*, 977 F.2d 574 (4th Cir. 1992). Petitioner's objection is **OVERRULED**.

### IV. CONCLUSION

Based on the above, the Court adopts the recommendations contained in the PF&R, **OVERRULES** Petitioner's objections to the PF&R, **DENIES** Petitioner Steven Riggs' Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket 1], and **DISMISSES** this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: June 6, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE